STATE of Minnesota, Appellant,

v.

Jamison Blake MALIK, Respondent.

No. C2–96–306.

Supreme Court of Minnesota.

Sept. 19, 1996.

## ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED (1) that the petition of Jamison Blake Malik for further review of the unpublished decision of the Court of Appeals filed June 18, 1996 be, and the same is, granted and (2) that the decision of the court of appeals reversing the pretrial order of the district court suppressing statements made by petitioner while seated in a squad car be, and the same is, reversed. The court of appeals disagreed with the trial court and concluded that petitioner was not in custody when he was questioned in the squad car before the trooper had searched the car and discovered marijuana. The court reasoned that "Malik was subject to only a routine traffic stop when he admitted there was marijuana in the car." Relevant cases include *State v. Rosse*, 478 N.W.2d 482 (Minn.1991), and *State v. Herem*, 384 N.W.2d 880 (Minn.1986). It is true that the stop started out as a routine traffic stop. However, once petitioner was patted down and placed in the squad car, he knew that the trooper knew that he had been driving after revocation. He also knew that the trooper was going to impound the car and search it. Moreover, the trooper did not tell him that he would be free to leave after he answered questions. We believe that the facts and circumstances were such that a reasonable person in petitioner's situation would believe that he was in custody and was being restrained to a degree associated with a formal arrest. A person in petitioner's position would reasonably conclude that since the officer had probable cause to arrest him for speeding and driving after revocation, since the officer had patted him down and placed him in the locked back seat of the squad car, and since the officer told him he was going to impound the car and tow it, he must be "under arrest." Accordingly, we reverse the decision of the court of appeals and remand the case to the district court.

Reversed and remanded to the district court.